HEIRS OF JOSÉ MARÍA GUERRA, ETC., Plaintiffs and Appellees, *v.* MANUEL SÁNCHEZ, Defendant and Appellant.

No. 10147.   Argued June 1, 1950.—Decided August 4, 1950.

*Enrique Báez García* for appellant.   *José Sabater* for appellees.

MR. JUSTICE NEGRÓN FERNÁNDEZ delivered the opinion of the Court.

This is an action for survey brought by plaintiffs under Rule 34 (*b*) of Civil Procedure.

It was alleged in the complaint that by deed No. 34 executed on August 13, 1941 before Notary Juan Alemañy Sosa, defendant Manuel Sánchez purchased a lot from the plaintiffs which is described in the complaint with an area of 337.50 square meters and is bounded on the south by a five-meter alley which separates it from a lot owned by Juan Mari Ramos.[1] It was likewise alleged that said five-meter alley is the north boundary of the lot belonging to Juan Mari Ramos, who also purchased it from plaintiffs by deed No. 31 of August 5, 1941 before the same Notary Juan Alemañy Sosa; that the plaintiff heirs subdivided the strip of land which bounded the sea by different lots, keeping certain alleys in order that the purchasers as well as other owners of properties located on the other side of the road would have access to the sea. Among these alleys was the one bounding on the south of the lot sold to defendants which is the same that separates said lot from the one belonging to Juan Mari Ramos; that defendant without any right and without authorization from the plaintiff heirs or from the adjoining owner, Juan Mari Ramos, erected a fence enclosing the aforesaid alley, which belongs to the plaintiffs, in such a way that his lot would be bounded on the south by the lot of Juan Mari Ramos instead of by the five-meter alley which lies between said two lots, without the plaintiffs having conveyed any title to him, or transferred or sold said alley; that the plaintiffs urged defendant to open said alley but since all friendly steps had proved unsuccessful he

---

[1] The description of the lot is as follows:

"LOT located in the Guanajibo Ward, place known as 'Punta Arenas' in the Municipality of Cabo Rojo. It measures 23 meters bounded on the north by a lot belonging to Esteban Vincenty; 22 meters on the south bounded by a five-meter alley which separates it from the lot owned by Juan Mari Ramos; 18 meters on the east bounded by the road from Cabo Rojo to Mayagüez passing through Joyuda; and 14 meters on the west bounded by the sea. It has an area of 337.50 square meters."

was formally requested to allow the survey of his lot without having consented to it.

In his answer defendant claimed as defense that the complaint did not state a cause of action and he denied each and every one of the facts of the complaint.

Plaintiffs moved for summary judgment, including in their motion authentic evidence of deed No. 34 of August 13, 1941, of segregation and sale, by virtue of which defendant purchased the lot in question, as well as an affidavit of Lucas Guerra Ramos, one of the plaintiff heirs. Defendant objected and alleged that since he had denied the allegations of the complaint a controversy arose by virtue of said denial as to the fact that defendant erected a fence enclosing the alleged alley, for which reason the summary judgment did not lie; he further alleged "that he has not taken possession of any alley and that the lot he occupies has the same measurements mentioned in the deed, *there being pending before the court the motion to order a survey, if proper.*" (Italics ours.) Defendant attached to his objection an affidavit in which he stated, in brief, that his lot had the same measurements as the lot he bought from plaintiff, that if he had included the alley within his lot it would have a larger area than that stated in his title and that he had not taken possession of any alley belonging to plaintiffs and that he was able to prove said fact at the trial.

The lower court, in view of the complaint, the answer and the other documents, rendered summary judgment under Rule 56 ordering that a survey be made of defendant's lot, in the manner, terms and conditions provided for in the judgment.

In sustaining on appeal that the lower court erred in granting the motion for summary judgment, appellant argues that it does not appear from the aforesaid deed No. 34 —by virtue of which he acquired a title to his lot—that plaintiffs have any right to the afore-mentioned alley or that they reserved the right of possession thereto, and likewise,

that in said deed no mention was made in the sense that it was to be used by any particular person, for which reason, even assuming that the allegations of the complaint were true, if there is any road in the southern boundary of defendant's lot, it is devoted to public use, and it does not appear from the complaint that neither the People of Puerto Rico nor the Municipality of Cabo Rojo has filed any action respecting the same. He also argues that the complaint does not expressly state the interest the plaintiff claims to have in the property and hence that it does not comply with Rule 34 (*b*) of Civil Procedure; that the suit is one to recover possession without the complaint alleging the necessary facts for the institution of such action, and finally that a real controversy arose due to the denial in his answer of all the facts of the complaint.

■■■■ Having in mind the fundamental purpose of the Rules of Civil Procedure, that is, to hasten proceedings in civil actions, Rule 34 (*b*)[2] provides a means by which any person by filing a complaint and in accordance with the procedure prescribed by these Rules, *having a bona fide claim to the possession or ownership of, or a share or interest in, real property which is, or which he has good reason to be-*

---

[2] Said Rule provides:

"(*b*) *Action for Survey.*—By the filing of a complaint and in accordance with the procedure prescribed by these rules, any person having a bona fide claim to the possession or ownership of, or a share or interest in, real property which is, or which he has good reason to believe is, in the possession of another, and it is necessary for the ascertainment, enforcement, or protection of such rights or interests, that an examination or survey of such property be had or that photographs of such property or any object or relevant operation thereon be taken, and the person in the possession thereof fails or refuses to consent thereto for three days after demand on him made in writing, the district court where the property is located may issue a decree ordering that said acts be carried out, whether the claimant has an action concerning such claim pending in such court or not. The complaint shall set out a description of the property, the interest which the party claims to have therein, the name of the person in possession of the property, the reason why the authorization for the taking of photographs or for making the examination or survey is requested, the demand made upon the other party, and the refusal thereof."

*lieve is, in the possession of another,* may obtain, under certain previous conditions and steps, that the district court where the property is located may issue an order, among other acts, to make a survey, whether the claimant has an action concerning such claim pending in such court or not.

The object and purpose of Rule 34(*b*)—which is substantially the same as § 286 of the Code of Civil Procedure—is to make it feasible, summarily, for the party who believes to have any right to a claim, to have the opportunity of an inspection, survey or the taking of photographs of the property, or of any object or operation relevant to the same, without any suit being necessary, within the action authorized by Rule 34(*b*), to settle plaintiff's right to the claim to which he may believe himself entitled, whether or not plaintiff has any action pending on said claim. The complaint to which Rule 34(*b*) refers is in itself a proceeding separate and distinct from the litigation—whether or not it is pending at the time the complaint is filed under said Rule—involving the claim to which he believes himself entitled. The operative factor in the action is that there should emerge with reasonable certainty an interest on the part of the plaintiffs in the property whose survey is sought and not the right in itself to whatever may be claimed in another litigation since said right is not settled under Rule 34(*b*), the only consequence of a judgment under said Rule being the ordering of the inspection, examination, or survey or taking of the necessary photographs. *Rodríguez* v. *The Star Fruit Co.*, 41 P.R.R. 487; *MacCormick et al.* v. *Molinari et al.*, 16 P.R.R. 389.

■ The general denial made by defendant in view of the ends and purposes of Rule 34(*b*) did not have the effect of giving rise to a real and actual controversy between the parties which would not be allowed by the summary judgment rendered, for since defendant denied that he had erected the fence and enclosed the alley, the controversy which arose was in connection with plaintiff's right to the claim timely made in the corresponding suit, but not to

defeat or prevent the examination and survey of the property under Rule 34(b).

It clearly appears from the deed by which defendant acquired title—which is in the record—that the heirs were the owners of a larger tract from which the lot sold to defendant was segregated—and from which several lots were also segregated and sold to different persons among them Juan Mari Ramos—and it likewise appears that the main lot was bounded on the north by Juan Mari Ramos as well as that the lot sold to defendant was bounded on the south by the alley five-meters wide, which separated said boundary from the lot owned by Juan Mari Ramos. It is evident that if the plaintiff heirs segregated several lots from a larger tract which they sold to different persons, including the defendant, and did not sell the five-meter alley which was bounded on the north by the lot owned by Juan Mari Ramos and on the south by defendant's lot, the dominion title in the absence of any proof to the contrary, still remained in the vendor and had defendant taken possession thereof, plaintiffs were entitled to bring the corresponding action to recover it.

Since the proceeding under Rule 34(b) does not lie to make such claim, but to request the survey, the lower court acted correctly in rendering the summary judgment, since the purpose of Rule 56 is to speed up the proceeding in those suits in which there is no genuine issue as to any material fact to be tried, Gaztambide v. Heirs of Ortiz, 70 P.R.R. 388, 400, and for the sole purpose of obtaining an order for survey no controversy arose with the denial of the facts which defendant made in his answer since said controversy was not to be settled within the action under Rule 34(b) but —since there was no suit pending for that purpose between the parties—within an action to recover the said alley.

The judgment will be affirmed.